CLARK MATHEWS
Assistant Federal Defender
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, MT 59401
clark_mathews@fd.org
Phone: (406) 727-5328
Fax: (406) 727-4329
    Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWIN DARIO PEREIRA-PUERTO,<br><br>Defendant. | Case No. MJ 25-46-GF-JTJ<br><br>**DEFENDANT'S NOTICE OF CONTINUED DETENTION UNDER § 3142(d)** |

NOTICE IS HEREBY GIVEN that Edwin Dario Pereira-Puerto, by and through his Counsel, Clark Mathews, Assistant Federal Defender, and the Federal Defenders of Montana, objects to his continued detention under 18 U.S.C. § 3142(d). On April 29, 2025, Mr. Edwin Pereira-Puerto made an initial appearance on a criminal complaint charging him with Failure to Register as an Alien under 8 U.S.C. § 1306(a). At his initial appearance, the Government requested continued detention,

1

arguing he should be detained temporarily under 18 U.S.C. § 3142(d). Mr. Pereira-Puerto requested immediate release. The Court set a detention hearing for May 12, 2025, at 1:30 pm.

On May 8, 2025, Mr. Pereira-Puerto received discovery from the United States that Department of Homeland Security prior to his initial appearance had ordered Mr. Pereira-Puerto released on his own recognizance with respect to his immigration proceedings. (Exhibit #1). Mr. Pereira-Puerto was arrested by Havre Border Patrol on April 23, 2025. Subsequently, on April 25, 2025, Mr. Pereira-Puerto was advised he had been arrested and placed in removal proceedings. He was advised he was to be released on his own recognizance.

He was further advised he must report in person at ICE/DRO 511 NW Broadway, Portland, OR 97204 on the 1st of each month at 7:00 am. The form states Mr. Pereira-Puerto was explained the above in the Spanish language and he stated he understood the conditions of his release. The form also states Mr. Pereira-Puerto acknowledged that if he did not comply with these conditions, the Department of Homeland Security could revoke his release without further notice. It states this was served on him at 13:12:03 by David Tam. The form also contains a signature stamp by a Department of Homeland Security Official, Michael A Rappold stating he signed the order releasing Mr. Pereira-Puerto at 13:49:24.

However, the United States also produced discovery on May 8, 2025, that Mr. Pereira-Puerto was to be detained by the Department of Homeland Security. (Exhibit #2). That notice was signed by Michael A Rappold on April 25, 2025, at 13:49:35. It also states that date and time of custody determination was April 23, 2025, at 1813. This notice was reported to have been read to Mr. Pereira-Puerto in the Spanish language on April 25, 2025, at 13:57:23.

In short, Mr. Pereira-Puerto's custodial status regarding his removal proceedings is unclear. An order of release on recognizance and a notice that he was being detained were signed nearly simultaneously. It is presumed the notice of custody determination that he be detained relates to his initial arrest on April 23, 2025, at 1813 and that the order releasing him on recognizance is superseding. Regardless, immigration officials made some sort of custodial decision prior to Mr. Pereira-Puerto appearing in front of this court on his criminal charge.

This is significant because § 3142(d) states if someone such as Mr. Pereira-Puerto is to be temporarily detained, the "judicial officer shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify…the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the

applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings." This begs the question, why would the government need to temporarily detain Mr. Pereira-Puerto to see if the Department of Homeland Security will take him into custody when they already made their decision?

Mr. Pereira-Puerto continues to object to his detention. He continues to assert there is no evidence he may flee or pose a danger to any other person or the community.

RESPECTFULLY SUBMITTED this 8th day of May 2025.

/s/ Clark Mathews

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on May 8, 2025, a copy of the foregoing document was served on the following persons by the following means:

 1, 2  CM-ECF
_____ Hand Delivery
   3   Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. PAULETTE L. STEWART
   Assistant United States Attorney
   United States Attorney's Office
       Counsel for the United States of America

3. EDWIN DARIO PEREIRA-PUERTO
       Defendant

                                                /s/ Clark Mathews